**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4853

PATRICIA RUBIO,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-96-71)

Submitted: April 29, 1997

Decided: May 22, 1997

Before WIDENER, LUTTIG, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Mary Lou Newberger,
First Assistant Federal Public Defender, Charleston, West Virginia,
for Appellant. Rebecca A. Betts, United States Attorney, Margaret A.
Hickey, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patricia Rubio appeals her conviction and sentence for escape from federal custody, in violation of 18 U.S.C. § 751(a) (1994). We affirm.

Rubio was arrested in the Southern District of New York and sentenced to a term of imprisonment in January 1984. She was subsequently transferred to FCI Alderson in West Virginia, from which she escaped in April 1984. In 1995, Rubio was arrested, and she used the name Luz Vidadte. At the time of her arrest, Rubio provided law enforcement agents with her fingerprints. The Federal Bureau of Investigation ran a fingerprint check and determined that Vidadte was Patricia Rubio. Following an indictment and a trial, Rubio was convicted.

On appeal, Rubio asserts that under Fed. R. Evid. 803(8)(B), the district court erred in admitting into evidence two reports entitled "Report of Escaped Federal Prisoner" and "Notice of Escaped Federal Prisoner" ("escape reports"). She asserts that without these documents the Government could not prove that she left FCI Alderson without permission or authority. Because Rubio did not object on this ground at trial we review for plain error. See United States v. Olano, 507 U.S. 725 (1993); United States v. Lowe, 65 F.3d 1137, 1144 (4th Cir. 1995) (citing United States v. Sims, 617 F.2d 1371, 1375-78 (9th Cir. 1980) (court applied plain error standard to defendant's argument on appeal that FBI report was not hearsay or was admissible under Fed. R. Evid. 803(8), where the defendant, after the government objected to the report's admission, contended that the report was admissible as a business record under Rule 803(6)); see generally United States v. Wilkerson, 84 F.3d 692, 694 (4th Cir. 1996). Plain error occurs when there is (1) an error, (2) which is plain and obvious under existing law, (3) which is so prejudicial as to affect the outcome of the proceedings, and (4) which seriously affects the fairness, integrity, or

2

public reputation of the proceedings. See United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994).

Our review of the record discloses that regardless of whether the district court erred in receiving the escape reports into evidence, such an error would be harmless because admission of the reports did not constitute a miscarriage of justice or substantially affect the outcome of the trial. See United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). The record shows that the Government presented sufficient evidence beyond the facts contained in the reports to show that Rubio did escape from FCI Alderson. The Government admitted testimony of the FCI Alderson Records Custodian that Rubio was not present at FCI Alderson after April 1984. Also, testimony from a Deputy United States Marshal showed that Rubio's escape was on record in the United States Marshal's Office and that she was a known fugitive. The Government also presented evidence that Rubio's fingerprints taken in 1984, upon entering FCI Alderson, matched the prints of Vidadte taken outside FCI Alderson in 1995, showing that she is the same individual.

Accordingly, we affirm Rubio's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3